IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | |
|---|---|
| WILLIAM HOLMES AND<br>BERTHA HOLMES<br><br>VS.<br><br>A.P. GREEN INDUSTRIES, INC. (f/k/a<br>A.P. GREEN REFRACTORIES COMPANY);<br>ARMSTRONG WORLD INDUSTRIES, INC.<br>(SUCCESSOR-IN-INTEREST TO ARMSTRONG<br>CORK, COMPANY); ASBESTOS CLAIMS<br>MANAGEMENT CORPORATION (f/k/a NA-<br>TIONAL GYPSUM COMPANY); COMBUSTION<br>ENGINEERING, INC.; FIBREBOARD CORPOR-<br>ATION; GAF CORPORATION, (INDIVIDUALLY<br>AND AS SUCCESSOR TO RUBEROID<br>COMPANY);GARLOCK INC.; GENERAL<br>ELECTRIC COMPANY; GEORGIA-PACIFIC<br>CORPORATION; HARBISON-WALKER<br>REFRACTORIES COMPANY (INDIVIDUALLY<br>AND AS A DIVISION OF INDRESCO, INC. AND<br>FORMERLY A DIVISION OF DRESSER<br>INDUSTRIES, INC.); THE FLINTKOTE<br>COMPANY; FLEXITALLIC GASKET, INC.;<br>OWENS-CORNING FIBERGLAS CORPORATION;<br>OWENS-ILLINOIS, INC.; T&N, PLC,<br>(INDIVIDUALLY AND SUCCESSOR-IN-INTEREST<br>TO KEASBY& MATTISON CORPORATION);<br>UNITED STATES GYPSUM COMPANY;<br>METROPOLITAN LIFE INSURANCE COMPANY,<br>WESTINGHOUSE ELECTRIC CORPORATION<br>and W.R. GRACE & CO.-CONN (SUCCESSOR<br>TO W.R. GRACE & COMPANY) | 4-00CV-720-A<br><br>CIVIL NO. _____ |

PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

1.   COMES NOW, WILLIAM AND BERTHA HOLMES, hereinafter referred to as Plaintiffs, complaining of A.P. Green Industries, Inc. (f/k/a A.P. Green Refractories Company) ; Armstrong World



Industries, Inc. (Successor in-interest to Armstrong Cork Company); Asbestos Claims Management Corporation (f/k/a National Gypsum Company); Combustion Engineering, Inc.; Garlock Inc.; GAF Corporation (individually and as successor to Ruberoid Company); Georgia-Pacific Corporation; General Electric Company; Owens-Corning Fiberglas Corporation; Owens-Illinois, Inc.; T & N, PLC (Successor-in-interest to Keasby Mattison Corporation); United States Gypsum Company; Fibreboard Corporation; Flexitallic Gaskets, Inc.; Harbison-Walker Refractories Company (Individually and as a division of INDRESCO Inc. and formerly a division of Dresser Industries, Inc.); The Flintkote Company; Metropolitan Life Insurance Company; Westinghouse Electric Corporation and, W.R. Grace & Co. - Conn (Successor to W.R. Grace & Company) hereinafter referred to as Defendants, files his/her original Complaint and would respectfully show the Court as follows:

I.

2. Plaintiffs, WILLIAM AND BERTHA HOLMES are residents of Saskatchewan, Canada. Defendants are corporations organized under the laws of the various states of the United States with their principle place of business in the United States. All defendants are doing business in Texas. None of the defendants are corporations organized or existing under the laws of Canada. A complete diversity of citizenship exists between Plaintiff and defendants as Plaintiff is a citizen of Canada and the defendants are citizens of the United States and their principle place of businesses are not Canada and the amount in controversy exceeds a sum of $75,000.00, exclusive of interest and costs. All defendants are doing business and in the past have done business in the Northern District of Texas. Thus the Court has jurisdiction over defendants pursuant to 28 USC Sec. 1332. Venue is proper pursuant to 28 USC Sec. 1391.

3. Asbestos cases filed in Federal Court are currently classified as "tag-along" cases which will be governed by multi-district litigation pending in the United States District Court for the Eastern District of Pennsylvania, Philadelphia Division. The court in Philadelphia at this time controls jurisdiction of all asbestos cases being filed in the United States District Courts.

4. Defendant, The Fibreboard Corporation (individually and as successor in interest to Fibreboard Paper Products Corporation) is a corporation organized and existing under and by virtue of the laws of the State of

Delaware, with a registered agent for service in the State of Texas, to-wit: U.S. Corporation Co., 800 Brazos, Austin, Texas 78701.

5. Defendant, The Flintkote Company is a corporation organized and existing under and by virtue of the laws of the State of Massachusetts, and can be served at its corporate headquarters, 3 Embarcadero Center, suite 1190, San Francisco, California 94111-4047.

6. Defendant, A.P. Green Industries, Inc. (f/k/a A.P. Green Refractories Company) is a Delaware Corporation and can be served through its registered agent for service, C.T. Corporation Systems, 350 North St. Paul Street, Dallas, Texas 75201.

7. Defendant, Armstrong World Industries, Inc. (Successor-in interest to Armstrong Cork Company), is a Pennsylvania Corporation and can be served through its registered agent for service, C.T.Corporation Systems, 350 North St. Paul Street, Dallas, Texas 75201.

8. Defendant, Asbestos Claims Management Corporation (f/k/a National Gypsum Company), and can be served through its registered agent for service, ACMC, 2608 Eastland Avenue, Suite 202, Greenville, Texas 75402.

9. Defendant, Combustion Engineering, Inc., is a Delaware Corporation and can be served at 900 Long Ridge Road, Stamford, Connecticut 06902.

10. The Defendant, Flexitallic Gasket Company, Inc., is a Connecticut Corporation, and can be served through its registered agent for service, The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801. Flexitallic Gasket Company's principal place of business is Deer Park, Texas.

11. Defendant, GAF Corporation (individually and as successor in interest to Ruberoid Company) is a corporation organized and existing under and by virtue of the laws of the State of Delaware, and can be served at its corporate headquarters, 1361 Alps Road, Wayne, New Jersey 07470.

12. Defendant, Garlock Inc., is a Texas Corporation having its principle place of business in Harrison

County, Texas and can be served through its registered agent for service, C.T. Corporation Systems, 350 North St. Paul Street, Dallas, Texas 75201.

13. Defendant, General Electric Company is a corporation organized and existing under and by virtue of the laws of the State of New York, with a registered agent for service in the State of Texas, towit: C.T. Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201.

14. Defendant, Georgia-Pacific Corporation, is a Georgia Corporation and can be served through its registered agent for service, C.T. Corporation Systems, 350 North St. Paul Street, Dallas, Texas 75201.

15. Defendant, Harbison Walker Refractories, Co. (Individually and as a division of INDRESCO Inc., and formerly a division of Dresser Industries, Inc.) INDRESCO Inc., a Delaware Corporation, can be served via: Ralph Pizzuti, Connecticut Valley Claims Service Company, 525 Brook Street, Rocky Hill, CN 06067. Dresser Industries, Inc., also a Delaware Corporation, can be served at its corporate headquarters and principal place of business: 2001 Ross Avenue, Dallas, Texas 75201.

16. Defendant, Owens-Corning Fiberglas Corporation is a Delaware Corporation and can be served through its registered agent for service, C.T. Corporation Systems, 350 North St. Paul Street, Dallas, Texas 75201.

17. Defendant, Owens-Illinois, Inc., is an Ohio Corporation and can be served at One Seagate, Toledo, Ohio 43666.

18. Defendant, T & N, PLC (Successor-in-interest to Keasby & Mattison Corporation), is incorporated under some laws other than Texas which is not known at this time and can be served at Bowdenhouse Ashburton Road West, Trafford Park, M17 1RA, England.

19. Defendant, United States Gypsum Company, is a Delaware Corporation and can be served through its registered agent for service, C.T. Corporation Systems, 350 North St. Paul Street, Dallas, Texas 75201.

20. Defendant, Metropolitan Life Insurance Co., is a New York Corporation and can be served through its registered agent for service, Mr. Robert E. Wolin, 1717 Main St., 3700 Bank One Center, Dallas, Texas 75201.

21. Defendant, Westinghouse Electric Corporation is a corporation organized and existing under and by virtue of the laws of the State of Pennsylvania, with a registered agent for service in the State of Texas, to-wit: Prentice-Hall Corporation System, 400 N. St. Paul Street, Dallas, Texas 75201.

22. Defendant, W.R. Grace & Co. - Conn (Successor in interest to W.R. Grace & Company), is a Connecticut Corporation and can be served through it registered agent for service in the State of Texas, to-wit: CSC 800 Brazos, Suite 750, Austin, Texas 78701.

II.

23. Plaintiffs would show that while working within the Canadian Province of Saskatchewan, was exposed to asbestos and asbestos fibers mined, manufactured, supplied and sold by said Defendants and placed into the stream of commerce by said Defendants and, as a result, caused Plaintiff to suffer severe and grievous injuries to his respiratory system and body in general.

III.

24. Plaintiffs allege that it was Defendants' negligence that resulted in WILLIAM HOLMES working with and inhaling dangerous fibers produced by the products manufactured, supplied and sold by the above-named Defendants. Defendants owed a duty to Plaintiff, WILLIAM HOLMES, not to place a defective and unreasonably dangerous product into the stream of commerce. Defendants breached this duty owed to Plaintiff and the injuries suffered by Plaintiff were a direct and proximate result of the breach of that duty. This caused WILLIAM HOLMES to become sick with an irreversible disease that is unique to exposure to asbestos. Plaintiffs injuries were a direct and proximate result of the unreasonably dangerous product and the Defendants' acts and omissions as described above. Due to Defendants' negligence and failure to warn that exposure was dangerous, Plaintiff, WILLIAM HOLMES, being the user of the products supplied by these Defendants, was unaware of any danger of exposure to Defendants' products and such failure to warn caused all injuries described herein.

IV.

25. Plaintiff would further allege that Defendants owed Plaintiff a duty to warn of known dangers associated with their products or of dangers that were reasonably foreseeable at the time the product was placed into the stream of commerce. Defendants have breached this duty to warn and such breach was a direct and proximate result of Decedent's injuries and death. Defendants were also negligent in failing to keep reasonably abreast of the literature in the field as to the dangerous propensities of the products in question and, in particular, asbestos fibers. Plaintiff would further show that Defendants failed to take reasonable means to discover the dangerous nature and propensities of these products, all of which acts or omissions were negligent and a proximate cause of the injuries to Plaintiff.

V.

26. Plaintiff asserts that Defendants warranted their products to be reasonably fit for their intended use and made such warranties of a direct and implied nature. Plaintiff further alleges that said Defendants warranted their product to be free f rom defect and, to the contrary, such a defect existed in the product before it left the manufacturer and that this defect caused Plaintiff's injuries. Plaintiff was a foreseeable user of the products and the products were being used in their intended manner at the time of the injury. Contrary to the direct and implied warranties of Defendants, their respective products were not reasonably fit for their intended use and were the producing cause of the injuries to Plaintiff.. Plaintiff further asserts that Defendants knew or should have known of the dangers of asbestos exposure to individuals situated such as the Plaintiff, yet they took no measure to prevent such exposure or to minimize the same and totally failed and neglected to give any type of warning or alarm about the consequences of such exposure.

27. Plaintiff also alleges that the seller knew the purpose for which the product was required and that the buyer and user of the product relied on the seller's skill to furnish a suitable product free from defect. Defendants have breached such implied warranty which is the producing and/or proximate cause of the injuries of Plaintiff.

VI.

28. Further, Plaintiff would show that Defendants, and each of them, placed into the stream of commerce a product that was defective and unreasonably dangerous which was a producing cause of Plaintiff's injuries. Plaintiff allege that the products manufactured and sold by Defendants were defective and unreasonably dangerous when they left the hands of the manufacturer. The products manufactured by Defendants and placed into the stream of commerce by Defendants contained a dangerous and disabling substance called asbestos.

VII.

29. Further pleading, Plaintiff would show that Defendants placed into the stream of commerce a product that was inherently and unreasonably dangerous, which rendered it unreasonably dangerous and defective in that it failed to contain adequate warnings of its dangerous character to intended users, which was a producing cause of Plaintiff's injuries. Plaintiff alleges that Defendants failed to warn Plaintiff of the dangers that were known by said Defendants or that were reasonably foreseeable by said Defendants at the time the product was placed into the stream of commerce. Defendants, failure to warn was the producing cause of Plaintiff's injuries.

VIII.

30. Plaintiff alleges that Defendants and each of them acted in consort with each other and other entities to form an industry known as the asbestos industry. The said Defendants, acting separately and in consort with various representatives of said industry, committed acts and omissions that were calculated to cover up or minimize the known dangers of asbestos and asbestos containing products to users such as Plaintiff. Plaintiff alleges that such conduct amounted to fraud and was proximate cause of Plaintiff's injuries.

31. Plaintiffs allege that Defendants misrepresented material facts and concealed or failed to disclose certain facts regarding the dangers of asbestos exposure which knowledge said Defendants knew at the time said products were introduced into the stream of commerce by Defendants. The Defendants' misrepresentations

when made, were false, and such statements were made recklessly. Further, the Defendants fraudulently concealed material facts with respect to the dangers of their asbestos products which caused the Plaintiffs to suffer injuries.

32. Further, the Defendants made such misrepresentations with the intent that they be acted upon and relied on by Plaintiffs. In fact, Plaintiffs acted in reliance upon said misrepresentations and have suffered damages as a result, all of which were proximately caused by Defendants' fraud and misrepresentations.

33. Plaintiffs further allege that by reason of the fact that Defendants knew the representations described above were false at the time they were made, the representations were wilful and malicious and constitute conduct for which the law allows the imposition of exemplary damages. Further pleading, Plaintiffs allege that Defendants' fraudulent concealment of material facts regarding the dangers of their asbestos products amount to wilful and malicious conduct for which the law allows the imposition of exemplary damages.

IX.

34. Plaintiff would further show that all of the acts and omissions described above and committed by Defendants herein were intentionally, wilfully, maliciously committed with reckless disregard to the rights of others and, by reason hereof, Plaintiff sues for punitive damages in that such reasonably dangerous products were placed into the stream of commerce. The actions of Defendants amounted to entire want of care, such that said acts and omissions were the result of a conscious indifference to the rights or welfare of persons situated as the Plaintiff.

35. Plaintiff further alleges that such acts and omissions were negligent and a proximate cause of the Plaintiff's injuries.

X.

36. As a result of the repeated and extended exposure of Plaintiff to Defendants' products, including asbestos

fibers, Plaintiff received injuries to his respiratory system and body generally and damages far in excess of the jurisdictional limits are as follows:

(1) Plaintiff has suffered a total reduction in his earning capacity and, his ability to work and to contribute to the support of his family has been completely destroyed, for which Plaintiffs, Plaintiffs, seek damages in such amounts as she may show reasonable under the circumstances.

(2) Plaintiff has suffered extreme pain, both physical and mental, from the date of such exposure to his body.

(3) Plaintiff sustained reasonable and necessary medical expenses to treat the condition arising from his exposure to Defendants' products in the past and, in reasonable medical probability, will continue to incur medical expenses for the rest of his natural life. .

(4) Plaintiff, WILLIAM HOLMES, is now forced to live with the fear , distress, and mental anguish cause by hiw knowledge of his increased risk of contracting mesothelioma, other pulmonary diseases, or other cancers of the lungs as a result of the Defendants, acts and/or omissions.

(5) Plaintiff's spouse, BERTHA HOLMES, would show that she has been injured by loss of consortium, which means the mutual right of the husband wife to affection, solace, comfor, companionship, society, assistance, romantice relations, emotional support and love necessary to a successful marriage, both in the past and in reasonable probability, will be sustained in the future.

(6) Plaintiff's spouse has further been injured by the loss of the household services of her husband, both in the past and those losses which will in reasonable probability be incurred in the future.

37. Plaintiff, for all of such items of damages describe above say that she is entitled to and does hereby sue for such sums as she may show herself to be justly entitled, including prejudgment and postjudgment interest at the highest legal rate, all in excess of the jurisdictional limits of this Court.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein as required by law and that on final hearing hereof, Plaintiff have judgment against

Defendants, jointly and severally, for such sums described above that they may show themselves justly entitled, including prejudgment interest at the highest legal rate, all in excess of the jurisdictional limits of this Court, for costs of suit, and for such other and further relief as they may show themselves justly entitled, either by law or in equity.

    Respectfully submitted,

    DUKE LAW FIRM
    201 East Abrams, Suite 760
    Arlington, TX 76010
    Phone: (817) 860-3355

    _____
    David Duke
    State Bar No. 06186000

PLAINTIFFS REQUEST TRIAL BY JURY